UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>THE COMMONWEALTH OF PUERTO RICO, et al.,<br><br>Debtors.[1] | PROMESA<br>Title III<br><br><br>No. 17 BK 3283-LTS<br><br>(Jointly Administered) |
| In re:<br><br>THE FINANCIAL OVERSIGHT AND MANAGEMENT BOARD FOR PUERTO RICO,<br><br>     as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br><br>No. 17 BK 4780-LTS |
| JOSÉ RAMÓN RIVERA RIVERA, PRESIDENT, FIDUCIARY, AND TRUSTEE OF THE BOARD OF TRUSTEES OF THE ELECTRIC POWER AUTHORITY'S | Adv. Proc. No. 18-AP-47-LTS |

---

[1]   The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (Bankruptcy Case No. 17 BK 3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17 BK 3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17 BK 3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17 BK 3566-LTS) (Last Four Digits of Federal Tax ID: 9686); and (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17 BK 4780-LTS) (Last Four Digits of Federal Tax ID: 3747).

EMPLOYEES' RETIREMENT SYSTEM, et al.,

    Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO, et al.,

Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiffs José Ramón Rivera Rivera, Ralphie Dominicci Rivera, Ángel R. Figueroa Jaramillo and Ernesto Zayas López (collectively, "Movants") originally filed this action in the Commonwealth of Puerto Rico Court of First Instance, San Juan Superior Court (the "Commonwealth Court") seeking—among other requested relief—a declaratory judgment decreeing that the Puerto Rico Electric Power Authority Employees Retirement System (the "Retirement System") is legally separate and independent from PREPA, the Commonwealth of Puerto Rico ("Puerto Rico" or the "Commonwealth"), and Puerto Rico's executive branch. The Financial Oversight and Management Board for Puerto Rico (the "Oversight Board"), as representative of the Commonwealth and PREPA, removed the action to the United States District Court for the District of Puerto Rico. The Oversight Board's *Notice of Removal* (Docket Entry No. 1, the "Removal Notice") asserts that the Court has original jurisdiction of the action, pursuant to 48 U.S.C. § 2166(a)(2), because it is "related to" the financial restructuring cases <u>In re Commonwealth of Puerto Rico</u>, No. 3:17-bk-03283 and <u>In re Puerto Rico Electric Power Authority</u>, No. 3:17-bk-04780 (together, the "Title III Cases" of the "Title III Debtors") which were filed pursuant to Title III of the Puerto Rico Oversight, Management, and Economic

Stability Act ("PROMESA").[1] Movants now move for entry of an order remanding this action to the Commonwealth Court (Docket Entry No. 12, the "Motion"), arguing that the removal was procedurally improper, this Court lacks subject matter jurisdiction, and the Court should apply the doctrine of equitable remand. The Court has considered carefully all of the parties' submissions. For the following reasons, the Motion is denied.

BACKGROUND

Except as otherwise indicated, the following facts are alleged in the Removal Notice or drawn from the documents annexed thereto. Plaintiffs are four trustees of the Retirement System. (See Docket Entry No. 1-1, *Compl. & Req. for Perm. Inj. & Decl. J.* ¶¶ 1-5, the "Complaint"). The Defendants are the Commonwealth, PREPA, Governor Ricardo Rosselló-Nevares (the "Governor"), and the members of the Board of Directors of PREPA. (Compl. ¶ 1; see also Mot. at 3.)

On March 22, 2018, the Governor issued Executive Order OE-2018-012 (the "Executive Order"), which appointed the Board of Directors of PREPA as trustee of the Retirement System for certain purposes. (Compl. ¶¶ 11-12.) On March 27, 2018, Plaintiffs filed the Complaint to challenge the Executive Order. The Complaint alleges that the Retirement System is "an entity independent and separate from PREPA whose assets belong to its beneficiaries and are separate from PREPA's assets" (Compl ¶ 16), and disputes the authority of the Governor to appoint the Board of Directors of PREPA to oversee certain aspects of the Retirement System. (Compl. § III, ¶ 2.)

---

[1] PROMESA is codified at 48 U.S.C. § 2101 et seq. References to "PROMESA" in the remainder of this opinion are to the uncodified version of the legislation.

On April 23, 2018, PREPA and the members of PREPA's Board of Directors filed a motion in the Commonwealth Court to dismiss the Complaint. (Mot. at 3.) On April 27, 2018, the Oversight Board, as representative of the Commonwealth and PREPA, filed the Removal Notice, removing the action to this Court. On May 28, 2018, Movants filed the Motion. On June 22, 2018, the Oversight Board and the Governor filed their opposition to the Motion (Docket Entry No. 18, the "Opposition"). Movants filed a reply in further support of the Motion on July 2, 2018 (Docket Entry No. 20, the "Reply"). On July 2, 2018, the Retirement System, under the Spanish language version of its name, Sistema de Retiro de los Empleados de la Autoridad de Energía Eléctrica, filed a motion to intervene (Docket Entry No. 21)—which was subsequently granted by the Honorable Judith Gail Dein (Docket Entry No. 31)—and a limited joinder to the Motion (Docket Entry No. 21-1, the "SREAEE Joinder").

## DISCUSSION

Title III of PROMESA permits the removal of a civil action pending in another court to this district court if this court has jurisdiction of the claim or cause of action under PROMESA's jurisdictional grant. 48 U.S.C. § 2166(d)(1). If a case is removed and the district court determines that it lacks jurisdiction of the matter, the court must order remand. 28 U.S.C. § 1447. Removal statutes are "strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." Rios Ortiz v. Velazquez-Ortiz, No. CIV. 14-1467 JAF, 2014 WL 3734490, at *1 (D.P.R. July 28, 2014) (internal citation omitted). The Court may also remand "on any equitable ground" a claim or cause of action of which it has PROMESA Title III jurisdiction. 48 U.S.C. § 2166(d)(2).

Movants seek remand of this adversary proceeding on three bases. First, Movants contend that removal was procedurally improper because the other defendants have not joined the Oversight Board's removal petition. Second, Movants dispute whether the Court has jurisdiction of this civil action under Section 306(d)(1) of PROMESA. Third, Movants seek equitable remand of this civil action pursuant to Section 306(d)(2) of PROMESA.

A. Procedural Propriety of Removal

Movants argue that case law interpreting 28 U.S.C. §§ 1446(a) and (b) requires the unanimous consent of the defendants in a civil action for removal to be effective. (Mot. at 5-6.) The Oversight Board and the Governor contend, among other arguments, that the unanimity requirement of 28 U.S.C. § 1446 has no relevance to the instant proceeding because it was removed to this Court pursuant to Section 306(d)(1) of PROMESA. (Opp'n at 5-6.)

This dispute can be resolved by reference to the text of 28 U.S.C. § 1446(b), which was revised in 2011 to clarify the applicability of the unanimity requirement.[2] See Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, § 103, 125 Stat. 758, 760 (amending 28 U.S.C. § 1446(b)). The revisions clarified the applicability of the unanimity requirement; the statute currently provides (in relevant part) as follows: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C.A. § 1446(b)(2)(A) (West 2018) (emphasis added). Accordingly, the statute now plainly limits the

---

[2] Prior to the 2011 revisions, courts disagreed as to the scope of the unanimity requirement. The majority view held that the unanimity requirement did not apply to actions removed under the bankruptcy removal statute, 28 U.S.C. § 1452(a). See New England Wood Pellet, LLC v. New England Pellet, LLC, 419 B.R. 133, 141 & n.7 (D.N.H. 2009) (describing split among courts); see also Orion Ref. Corp. v. Fluor Enterprises, Inc., 319 B.R. 480, 485 (E.D. La. 2004) (noting that "the circuit, district, and bankruptcy courts are in disagreement").

unanimity requirement to actions that are removed "solely under" section 1441(a) of title 28 of the U.S. Code. See H.R. Rep. No. 112-10, at 13 (2011), reprinted in 2011 U.S.C.C.A.N. 576, 580, 2011 WL 484052 ("New subparagraph (b)(2)(A) codifies the well-established 'rule of unanimity' . . . . Like current law, the new provision is limited to cases removed solely under section 1441(a); it has no application to other statutes under which removal is authorized."); see also Fenicle v. Boise Cascade Co., No. 15-CV-02398-TEH, 2015 WL 5948168, at *4 (N.D. Cal. Oct. 13, 2015) (noting that the revisions to 28 U.S.C. § 1446(b) "seriously undercut" the "minority view" that the unanimity requirement is applicable to the bankruptcy removal statute, 28 U.S.C. § 1452(a)).

Here, the Oversight Board removed this civil action pursuant to Section 306(d)(1) of PROMESA, 48 U.S.C. § 2166(d). Removal was not "solely under" 28 U.S.C. § 1441(a), and, consequently, unanimity was not required. Accordingly, the Oversight Board's removal of this adversary proceeding was not procedurally defective notwithstanding any lack of express consent by other parties to it.

  B. Jurisdiction

Movants assert that this Court does not have jurisdiction of this action pursuant to Section 306(a)(2) of PROMESA, which confers on district courts "original but not exclusive jurisdiction of all civil proceedings arising under [PROMESA], or arising in or related to cases under [PROMESA]." 48 U.S.C.A. § 2166(a)(2) (West 2017). The jurisdictional language of Section 306(a)(2) is analogous to that of 28 U.S.C. § 1334(b), which confers upon district courts exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or related to cases under title 11." Decisions construing 28 U.S.C. § 1334(b) therefore provide persuasive authority with respect to the construction of PROMESA's jurisdictional language.

Movants contend that this lawsuit is not "related to" the Title III Cases because, they assert, the Retirement System is a private trust that is legally separate from PREPA and the Commonwealth, and the dispute regarding the effect of the Executive Order thus does not affect PREPA as a Title III Debtor. (Mot. at 7-8, 10-11, 15.)

The First Circuit has recognized the well-established Pacor standard for determining whether a proceeding is "related to" a bankruptcy case. Work/Family Directions, Inc. v. Children's Discovery Ctrs., Inc. (In re Santa Clara Cty. Child Care Consortium), 223 B.R. 40, 45 (B.A.P. 1st Cir. 1998) (citing In re Parque Forestal, Inc., 949 F.2d 504, 509 (1st Cir. 1991) and In re G.S.F. Corp., 938 F.2d 1467, 1475 (1st Cir. 1991)). This standard, first adopted by the Third Circuit in Pacor, Inc. v. Higgins, 743 F.2d 984 (3rd Cir. 1984) and since followed by most Circuit Courts of Appeal, holds that "related to" jurisdiction exists when "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." Pacor, 743 F.2d at 994 (internal citations omitted). Although the proceeding "need not necessarily be against the debtor or against the debtor's property," its "outcome" must be one that "could alter the debtor's rights, liabilities, options or freedom of action (either positively or negatively)" and in some way "impact[] . . . the handling and administration of the bankruptcy estate." Id.

In advocating for remand, Movants cite this Court's decision in Gautier v. Rosselló-Nevares (In re Fin. Oversight & Mgmt. Bd. for P.R.), No. 17-AP-00136-LTS (D.P.R. June 13, 2017) (Docket No. 16), in which the Court remanded a lawsuit concerning rights of access to financial documents developed by the Commonwealth under PROMESA on finding that there had "been no showing that the outcome of the litigation . . . could affect the Commonwealth's rights, liabilities or freedom of action, or otherwise conceivably have an effect

on the adjustment of its debts or treatment of its property, in the context of this Title III Proceeding." Id. at 7. Movants assert that the instant proceeding could not conceivably affect the rights of PREPA or the Commonwealth because, as alleged in the Complaint, the Retirement System is a private trust whose assets and liabilities are wholly separate from those of the Title III Debtors. Movants' remand argument, however, begs the question. The nature of the Retirement System—including whether its board and finances are entirely independent of PREPA—is a key disputed issue in this action, and pension liabilities are a key issue in PREPA's financial restructuring case.

The resolution of the issues in this civil action thus could conceivably affect the administration of the Title III Cases. Plaintiffs here assert that the Executive Order is improper because the Retirement System "is a trust with full legal personality and it is an entity separate and independent of the Puerto Rico Electric Power Authority and the Commonwealth of Puerto Rico and its Executive Branch." (Compl. § III, ¶ 2.a.) The Opposition takes the position that the Retirement System is instead a "component" of PREPA whose assets and affairs are integral to the PROMESA restructuring proceedings. The outcome of this aspect of the dispute could affect the rights of the Title III Debtors by determining whether the assets and liabilities of the Retirement System are potentially within the scope of the restructurings that are the objective of the Title III Cases. (See Mot. at 9 (arguing that the Retirement System is a "separate private trust" and "[h]ence, is . . . not a 'territorial instrumentality' that may come under the aegis of the Oversight Board"); see also Mot. at 12 (arguing that "[t]he most important legal consequence of the creation of this particular trust, is that it deprives PREPA of any ownership of the assets that comprise its corpus").)

Movants point to the May 4, 2016, order of a Commonwealth Court of First Instance in Electrical Industry and Irrigation Workers Union v. Puerto Rico Electric Power Authority, No. SJ2015CV00100 (P.R. Super. Ct. May 4, 2016) (the "UTIER Order" in the "UTIER Action") as conclusive of the question of the Retirement System's independence and the propriety of the Executive Order. (See Mot. at 10-11 (". . . PREPA does not own nor control [the Retirement System's] assets. That is a matter of res judicata.").) In the UTIER Order, which was issued prior to the Executive Order and the 2017 legislation that the Executive Order purported to implement, the court found that the Retirement System is a de facto trust that is not required to be registered under Puerto Rico law.

The preclusive effect of a judgment entered by a Commonwealth Court of First Instance is determined by reference to Commonwealth law. R.G. Fin. Corp. v. Vergara-Nunez, 446 F.3d 178, 182-83 (1st Cir. 2006). While Plaintiffs' opening brief on this motion practice asserts that the UTIER Order is preclusive, the parties have not fully engaged all of the issues relevant to the construction and application of Puerto Rico preclusion law, and this merits issue is at this point unresolved. Because, as explained above, the issue is one that could affect the administration of PREPA's Title III Case, this removed proceeding is "related to" the Title III Cases and within this Court's jurisdiction under Section 306(a) of PROMESA, 48 U.S.C. § 2166(a).

C. Equitable Remand

Plaintiffs argue that, even if the Court has jurisdiction of this removed action, the court should exercise its authority under Section 306(d) of PROMESA to remand the action "on any equitable ground." See 48 U.S.C. § 2166(d)(2). Plaintiffs argue principally that equitable remand is appropriate because the issues in this action turn on questions of Puerto Rico law and

that they have been prejudiced by litigation delay occasioned by the removal of this action. (Mot. at 16-17.)

Under the analogous statutory provision that applies to the remand of actions removed pursuant to the bankruptcy jurisdictional grant, 28 U.S.C. § 1452(a), courts in the First Circuit look to the following non-exclusive list of factors in determining whether equitable remand of a bankruptcy-related claim or cause of action is appropriate:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed party.

Santa Clara, 223 B.R. at 46.

Application of these factors favors denial of the Motion. As explained above, adjudication of this adversary proceeding will affect PREPA's restructuring (Factors #1 and #5), including potentially affecting the computation and management of the assets and liabilities that may be restructured in the Title III Cases and the governance of an entity—the Retirement System—that Movants claim is outside of the control of the Title III Debtors. Although issues of Commonwealth law may be important to the ultimate disposition of this dispute (Factor #2), Movants have not demonstrated that this civil action will require resolving Commonwealth law issues that are especially novel or difficult (Factor #3). This Court is capable of addressing the applicability of res judicata at the appropriate time, and it is appropriate for the Court to adjudicate issues of Puerto Rico law that are material to the adjudication of cases within its jurisdiction. The Court acknowledges that certain comity considerations do weigh in favor of allowing Commonwealth courts to address issues of Puerto Rico law (Factor #4), but those concerns are mitigated where, as here, the Commonwealth and PREPA have voluntarily sought a

federal forum by invoking Title III of PROMESA. Finally, although Movants contend that they would be prejudiced (Factor #7) because the Commonwealth Court was adjudicating their lawsuit on an expedited basis (Mot. at 17), this Court is capable of addressing the merits of this action with appropriate dispatch.

## CONCLUSION

For the foregoing reasons, the Motion is denied.

This Memorandum Opinion and Order resolves Docket Entry No. 12. This case remains referred to Magistrate Judge Dein for general pretrial management.

SO ORDERED.

Dated: October 12, 2018

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge