IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| In re:<br>THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO,<br><br>as representative of<br><br>PUERTO RICO ELECTRIC POWER AUTHORITY,<br><br>Debtor. | PROMESA<br>Title III<br><br>No. 17 BK 04780-LTS |
| PUERTO RICO ELECTRIC POWER AUTHORITY EMPLOYEES' RETIREMENT SYSTEM; THE BOARD OF TRUSTEES OF THE PUERTO RICO ELECTRIC POWER AUTHORITY EMPLOYEES' RETIREMENT SYSTEM; JOSÉ RAMÓN RIVERA RIVERA, PRESIDENT, FIDUCIARY, AND TRUSTEE OF THE BOARD OF TRUSTEES OF THE ELECTRIC POWER AUTHORITY EMPLOYEES' RETIREMENT SYSTEM; RALPHIE DOMINICCI RIVERA; ÁNGEL R. FIGUEROA JARAMILLO; ERASTO ZAYAS LÓPEZ; JUAN CARLOS ADROVER; SAMMY RODRÍGUEZ; AND ALVIN ROMÁN TRUSTEES AND FIDUCIARIES OF THE ELECTRIC POWER AUTHORITY EMPLOYEES' RETIREMENT SYSTEM<br><br>    Plaintiffs<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO; HON. RICARDO ROSSELLÓ NEVARES; PUERTO RICO ELECTRIC POWER AUTHORITY; ELÍ DÍAZ ATIENZA; RALPH A. KREIL; CHRISTIAN SOBRINO VEGA; DAVID K. OWENS; CHARLES BAYLES; ROBERT POU; MARÍA PALOU ABASOLO AND JOSÉ ORTIZ.<br><br>    Defendants | ADVERSARY NO. 18-00047-LTS |

## AMENDED COMPLAINT

TO THE HONORABLE COURT:

COME NOW the abovenamed Plaintiffs in the above styled Adversary Proceeding, by and through their respective undersigned attorneys, and respectfully state, allege and pray:

### I. The Parties

1.1.    The Puerto Rico Electric Power Authority Employees' Retirement System (hereinafter "Retirement System")  is a trust that was originally created through a Collective Bargaining Agreement executed in 1942 by and between the Puerto Rico Electrical Industry and Irrigation Workers Union ("UTIER", by its Spanish acronym) and the Water Resources Authority ("AFF", by its Spanish acronym), now the Electric Power Authority ("PREPA", as it is known by its English acronym), and Resolution Number 200 of June 25, 1945, issued by the Board of Directors of the AFF, which approved and adopted the Retirement System as of July 1, 1945.

1.2.    The Puerto Rico Court of First Instance issued a Partial Judgment on May 4, 2016 in the case of *UTIER v. PREPA*, Civil No. SJ2015CV00100, where it held "that the PREPA Employees' Retirement System is a de facto trust, since its creation on June 25, 1945." A translation of the Partial Judgment is attached hereto as Exhibit 1. The Court further held, among other matters, that the Board of Trustees administers the Retirement System ("The Regulation adopted though Resolution No. 200 entrusted the administration of PREPA's Retirement System to a Board of Trustees..."); all the assets of the Retirement System are for the sole benefit of active members, retired members

and beneficiaries and no other purpose ("all of the System's capital will be used solely for benefits of the active members, retired members, and their beneficiaries under the System and for no other purpose…"); and that payments made by PREPA and individual employees and other income are deposited in accounts separate from the PREPA's ("The contributions made by PREPA and its employees, as well as the other income from PREPA's Retirement System, have been deposited at all times in different accounts separate from those of PREPA."). In so holding, the Court noted that PREPA admitted and conceded that the Retirement System is a trust: "**PREPA acquiesced to plaintiff's request in that the Retirement System be declared to be a *de facto* trust**.") (emphasis added).

1.3.    Furthermore, the Court held that the financial statements of PREPA, which are prepared according to GASB 67, explicitly state that the assets of the Retirement System are in a trust and are protected from PREPA's creditors: "GASB 67 explicitly provides that the assets of a pension plan are in trust and that they are protected from the creditors.". The Court emphasized that the financial statements of the Retirement System expressly state that contributions from employers are irrevocable and that the assets are dedicated to providing pensions and also concluded that the Retirement System is a private trust, not a public trust: "In the instant case, the Retirement System is for private purposes, given that by its nature there is no room in the classifications of public purposes."

1.4.    Then, on August 29, 2016, the Puerto Rico Court entered a Final Judgment, a translation of which is attached hereto as Exhibit 2, declaring that the

- 3 -

Partial Judgment was final and unappealable, and that a public deed was not required to ratify the legitimacy of the Retirement System trust having been declared a de facto trust by the Court: "In the instant case there is no issue in that the PREPA Retirement System is a *de facto* trust and that it was created on June 25, 1945; that was declared by this Court through Partial Judgment on May 4, 2016, which as of today is final and unappealable. Then, since the Retirement System was created prior to the enactment of Law 219-2012, supra, it is concluded that the Retirement System's trust does not require being recorded in the Trusts Registry, as a condition for its validity. Nor is the execution of a public deed required to ratify its legitimacy, having been declared as a *de facto* trust by this Court."

1.5.    Said judgments constitute *res judicata* and issue preclusion regarding the Retirement System's legal personality and all the facts that were therein adjudicated. PREPA is also judicially estopped from contesting the Retirement System's separate and distinct legal personality.

1.6. Plaintiff the Board of Trustees of the Puerto Rico Electric Power Authority Employees' Retirement System is the governing body of the Retirement System.

1.7. Plaintiff José Ramón Rivera Rivera is the member of the Board of Trustees of the Puerto Rico Electric Power Authority Employees' Retirement System that was elected by the retirees of the Puerto Rico Electric Power Authority (hereinafter "PREPA") and that was elected by his fellow Board Members as the President of the Board of Trustees.

1.8.    Plaintiffs Ralphie Dominicci Rivera, Ángel R. Figueroa Jaramillo, and Erasto Zayas López are members of the Board of Trustees of the Retirement System that were elected by current employees of PREPA.

1.9.    Plaintiffs, Juan Carlos Adrover, Sammy Rodríguez, and Alvin Román are the members of the Board of Trustees of the Retirement System that were designated as such by PREPA's management.

1.10.   Plaintiffs and Defendant José Ortiz (see below) are the duly elected or designated members of the Board of Trustees of the Retirement System who, as its fiduciaries, are entrusted with taking all of the financial and actuarial decisions necessary to manage the Retirement System for the exclusive benefit of PREPA's retirees and retirement plan participants and/or beneficiaries.

1.11.   Defendant Commonwealth of Puerto Rico is a legal entity with the authority to sue and be sued.

1.12.   Defendant Ricardo Rosselló Nevares is the duly elected Governor of the Commonwealth of Puerto Rico.

1.13.   Defendant PREPA is a public corporation created pursuant to Puerto Rico Law 83-1941.1.13.  Defendants Elí Díaz Atienza, Ralph A. Kreil, Christian Sobrino Vega, David K. Owens, Charles Bayles, Robert Pou and María Palou Abasolo (hereinafter "Individual Defendants") are the current members of PREPA's Governing Body. The Individual Defendants are being sued in their official capacity as such.

1.14 Defendant José Ortiz is the Executive Director of PREPA's Governing Body. Mr. Ortiz is also a member of the Board of Trustees of the Retirement System. Whereas

Mr. Ortiz did not give his consent to join this action as a plaintiff, he is included as a defendant inasmuch as he may be deemed an indispensable party to this action. Mr. Ortiz is being sued in his official capacity both as Executive Director of PREPA´s Governing Body and as a Trustee of the Retirement System.

## II. The Facts

2.1.    On March 22, 2018, the Hon. Governor of Puerto Rico, Ricardo Rosselló Nevares, issued Executive Order OE-2018-012 ("Executive Order") (Exhibit 3). The Title of said Executive Order indicates that it was issued in order to "exercise the powers set forth under Law 5-2017 with respect to the Puerto Rico Electric Power Authority Employees' Retirement System, to delegate certain powers to the Puerto Rico Financial Advisory and Fiscal Agency Authority, and for other related purposes."

2.2. The Executive Order states the following:

WHEREAS:        Puerto Rico is currently undergoing the greatest financial and economic crisis of its modern history.  This situation led the US Congress to enact the law titled *Puerto Rico Oversight Management, and Economic Stability Act (*PROMESA).  Said statute, in turn, established a Fiscal Oversight Board for the Government of Puerto Rico (Oversight Board).

WHEREAS:        As established in the legislative history of PROMESA, when establishing the Oversight Board in Puerto Rico, the US Congress considered, among other things, supervision and limited transparency in the acts of the Government of Puerto Rico, such as the Government's failure to issue audited financial statements since the year 2014 (H. Rep. No. 114-602(1), p. 41 (2016)).

WHEREAS:        On September 30, 2016, the Oversight Board designated the Electric Power Authority (PREPA) and its components as covered entities under PROMESA.

- 6 -

WHEREAS:        PREPA is currently in the process of restructuring its debt, under Title III of PROMESA. Similarly, PREPA is in the process of preparing the amended Fiscal Plan, which will be submitted to the Oversight Board for certification.

WHEREAS:        On the other hand, pursuant to the realities of PREPA, this administration has announced the commencement of a process to make viable the transformation of our power system to a modern, sustainable, reliable, efficient, and cost-effective one.

WHEREAS:        To be able to carry out these tasks responsibly, it is necessary to have the most recent, precise, updated, and audited financial information from PREPA, including all of the units that comprise it.

WHEREAS:        PREPA has a retirement system, known as the Electric Power Authority Employees' Retirement System (Retirement System).

WHEREAS:        As a component of PREPA, the Retirement System was also designated on September 30, 2016, as a covered entity under PROMESA.

WHEREAS:        The Bylaws of the Electric Power Authority Employees' Retirement System (Bylaws) impose on the Board of Trustees of said system (Board of Trustees) the obligation to approve annually the actuarial reports and financial statements of the Retirement System. However, the most recent actuarial reports that correspond to fiscal years 2014 and 2015, as well as the audited financial statements for fiscal year 2015, were reviewed with updated data and have not yet been approved by the Board of Trustees, thus, the latter has not complied with the annual obligation imposed by the Bylaws.

WHERAS:         During the past months, and on multiple occasions, PREPA's upper management, some members of the Board of Trustees, representatives from the Department of the Treasury and from the Puerto Rico Financial Advisory and Fiscal Agency Authority (AAFAF, by its Spanish acronym) have requested of the Board of Trustees on an urgent basis the delivery and approval of

the actuarial reports and the financial statements of the Retirement System that are overdue.  However, such efforts have been fruitless because, without reasonable justification, certain members of said Board have opted to not act, with the result of continuing delaying the annual approval process of such reports and placing in jeopardy their obligations to the Retirement System's retirees.

WHEREAS:    PREPA's financial statements for fiscal years 2015, 2016, and 2017 have to be completed, but they are subject to PREPA receiving the actuarial report, the financial statements, the letter of representations from management, and other pertinent information of the Retirement System, since such information forms part of PREPA's financial statements.  Therefore, the Retirement System's delay impacts directly PREPA's ability to complete its financial statements.

WHEREAS:    In turn, the Government of Puerto Rico also needs PREPA's audited financial statement to finalize its own statements, because those statements comprise part of the financial statements of the Government of Puerto Rico.

WHEREAS:    It is evident and important to finalize the financial statements of the Retirement System so that PREPA can finalize its own statements, in order to have the information necessary to complete PREPA's amended Fiscal Plan, which should occur during this month of March 2018, as requested by the Oversight Board.

In addition, this information is necessary to finalize PREPA's budget for fiscal year 2019, guide the processes to improve PREPA's finances and operations, advance the transformation of our energy system, and establish PREPA's fiscal discipline.

WHEREAS:    In turn, as is known, our administration is committed to guaranteeing greater transparency in the finances of the Government of Puerto Rico and its instrumentalities.  To be able to guarantee such transparency, it is necessary and a priority to finalize and publish the audited financial statements of the Government of Puerto Rico and, with

greater urgency, those statements that were not finalized before the commencement of this administration. This too is indispensable to fully comply with the processes contemplated in PROMESA and, therefore, to guide our Island toward economic recovery.

WHEREAS:   The Retirement System's unjustified delay in the approval of the actuarial reports, financial statements, and letter of representations of the Retirement System's management has delayed the issuance of the Government of Puerto Rico's financial statements. Such delay limits the Government's ability to comply with the existing Fiscal Plan, it obstructs the process of oversight and compliance with the government's existing budget, and it makes difficult the process of preparing the Government's budget for fiscal year 2019, among other inconveniences.

WHEREAS:   For the reason stated above, it is up to us to urgently take the necessary steps to ensure the immediate approval of the actuarial reports and the Retirement System's overdue financial statements. It is indispensable to prevent even more the delay of such approvals and the worsening of the financial emergency that, also, impedes the progress of our Island's economic, fiscal, and social recovery.

WHEREAS:   Law 5-2017, as amended, known as the Puerto Rico Financial Emergency and Fiscal Responsibility Act (Law 5) provides that, during the Emergency Period, the Governor will exercise general supervisory control over the functions and activities of all of the government entities within the Executive Branch. Similarly, Section 206(a) of Law 5 grants the Governor ample powers of receivership to rectify the financial emergency declared by said law. In addition, such section authorizes the Governor to, together with AAFAF, take whatever steps may be necessary to correct and rectify the financial emergency.

WHEREAS:   Article 209 of Law 5 authorizes the Governor to delegate to AAFAF, through Executive Order, any power or responsibility included in such statute.

WHEREAS:         Given PREPA's precarious fiscal and operational situation, aggravated by the destruction caused by Hurricanes Irma and María, in addition to the deteriorated situation of the Retirement System and the negative implications in the failure to approve the actuarial reports and overdue financial statements of the Retirement System, it is imperative to exercise the power granted by Law 5 in order to ensure the immediate approval thereof.

WHEREFORE:      I, RICARDO ROSELLÓ NEVARES, Governor of Puerto Rico, pursuant to the power conferred on me by the Constitution and the laws of the Government of Puerto Rico, do hereby decree and order as follows:

SECTION 1st.    In accordance with Section 206(a) of Law 5, the Board of Directors of PREPA (Board of Directors) is hereby appointed as trustees of the Retirement System with the following purposes: (i) to take those actions and decisions that may be necessary to immediately finalize, evaluate, approve, and/or sign the necessary documents, including the letter of representations from the Retirement System's management, for the final publication of the actuarial reports and audited financial statements of the Retirement System for the corresponding fiscal year, up to and including fiscal year 2017; and (ii) to deliver or seek the delivery to AAFAF of any information on the Retirement System necessary or convenient for the preparation of PREPA's amended Fiscal Plan or PREPA's budget for fiscal year 2019. Such designation will be in effect until the following requirements are met: (i) the issuance of the Retirement System's actuarial reports and audited financial statements for the corresponding fiscal years, up to and include fiscal year 2017, (ii) the Oversight Board certifies an amended Fiscal Plan for PREPA, and (iii) the Oversight Board certifies a budget for PREPA for fiscal year 2019.

SECTION 2nd.    The Board of Directors may exercise any power or function of the Board of Trustees that may be necessary or convenient to carry out the urgent purposes mentioned above. The Board of Trustees will continue exercising the other functions corresponding to it in the daily administration of the Retirement System, provided that it may not impede in any way, directly or indirectly,

or process or facilitate the impediment through third parties, including contractors, the approval and/or publication by the Board of Directors of the Retirement System's actuarial reports or financial statements.

SECTION 3rd. In accordance with Article 209 of Law 5, delegated to AAFAF are those other powers and authorities conferred to the Governor pursuant to Section 206(a) of said statute for the implementation of this Executive Order.

SECTION 4th. Unless it is proven that a person has engaged in gross negligence that involves reckless disregard toward his duties, no person will have any civil, criminal, or other type of liability toward any entity or person and, without the need for notification or additional order, they will be exonerated from acts or omissions in their capacity and within their authority in connection with, in relation to, arising under, or as permitted by this Executive Order. The members of the Board of Directors and the AAFAF personnel will be defended and held harmless by PREPA and exonerated from any civil liability for acts or omissions of good faith, in their capacity and within their authority.

SECTION 5th. NO CREATION OF ENFORCEABLE RIGHTS. This Execute Order is not issued with the purpose of creating substantive or procedural rights in favor of third parties, enforceable before any judicial, administrative, or other type of forum against the Government of Puerto Rico, government agencies, instrumentalities, public corporations, or any of its officials, employees, or other persons.

SECTION 6th. REPEAL. This Executive Order vacates any other Executive Order that, in whole or in part, is incompatible herewith, to the extent that such incompatibility exists.

SECTION 7th. EFFECTIVENESS. This Executive Order will enter into effect immediately and will remain in effect as provided in Section 1st or until it is amended or revoked by a subsequent executive order or by operation of law, whichever first occurs.

SECTION 8th.    SEVERABILITY.  The provisions of this Executive Order are independent and separate of each other and should a court with jurisdiction and venue declare unconstitutional, null and void, or invalid any part, section, provisions, and sentence of this Executive Order, the determination to those effects will not affect the validity of the remaining provisions, which will remain in full force and effect.

SECTION 9th.    DEFINITIONS.  The terms used in capital letters in this Executive Order and that are not otherwise defined herein will have the meanings assigned to them in Law 5.

SECTION 10th.    PUBLICATIONS.   This Executive Order must be filed immediately with the Department of State and its broadest publication is ordered.

2.3.    The Retirement System, as the *de facto* trust that it is, is not governed by the legislation adopted by the Puerto Rico Legislature and applicable to the public retirement systems. In fact, the Retirement System, since its creation in 1945, has been governed exclusively by the Electric Power Authority Employees' Retirement System's Bylaws (hereinafter, "Bylaws"), which has been modified occasionally, as considered necessary, with the consensus of the Board of Trustees of the Retirement System and PREPA. Exhibit 4.

2.4.    As set forth in Articles 6 and 7 of the Bylaws, the Board of Trustees of the Retirement System and its individuals Trustees has the fiduciary obligation to administer the Retirement System and to be the depository of the fiduciary fund. The fiduciary fund is funded by the contributions made by PREPA, PREPA's employees, and investment income. The fiduciary fund is intended exclusively to the payment of benefits to employees and retirees.

2.5.    With the enactment of Puerto Rico Law No. 34-2005, the Puerto Rico
Legislature recognized that the Retirement System is an entity independent and
separate from PREPA whose assets belong to its beneficiaries and are separate from
PREPA's assets. Law No. 34-2005 was enacted to amend Articles 2 and 8 of Law No.
20-1985, which created the Special Permanent Commission on Retirement Systems. In
the Preamble of Law No. 34-2005, the Legislature recognized that:

> The Retirement System belongs to the employees of said corporation and
> it is not governed by any law.  **The governing organism established
> by Bylaws is under the responsibility of a Board of Trustees**,
> comprised by eight (8) members, of which one (1) will be the Executive
> Director of the Electric Power Authority, three (3) of its members will be
> members of the Retirement System and are going to be elected by them,
> three (3) will be elected by the Board of Directors of the Authority, and
> one (1) will be elected by the retired members.  Article 6, subparagraph 5,
> provides, on its part, that: "The decision of the Board of Trustees, with
> respect to any issue in dispute, will be definitive." **We understand that
> a law of this Legislature could not amend the Resolution that
> created such System, or the Resolutions of the Board, or the
> Bylaws that provide for its functioning.**  [Emphasis ours.]

2.6.    This law was enacted so that the Electric Power Authority Employees'
Retirement System would be eliminated as a member of the Special Permanent
Commission on Retirement Systems.

2.7.    The Retirement System's fiduciary fund is an autonomous patrimony that
belongs to its beneficiaries and is totally dissociated from PREPA's assets. Likewise, the
Retirement System is an independent entity separate from PREPA that: (i) is
administered through its own Board of Trustees; (ii) presents its own audited financial
statements separately; and (iii) has been recognized by the Puerto Rico Legislature as
property of PREPA's employees.

2.8.    The Retirement System's Board of Trustees and its individual members are the only ones authorized to advocate for the protection and administration of the Retirement System. Article 6 (Administration), Section (1) of the Bylaws of the Retirement System provides that:

> (1) The general administration of the System and the responsibility of carrying out the provisions of these Bylaws will be under the charge of the Board of Trustees comprised by eight members, of which one will be the Executive Director of the Authority, who may be substituted during his absences by the Acting Executive Director of the Authority, **there will be active members of the System elected by the very active members, by individual vote and under the Authority's supervision, three will be appointed by the Board of Directors of the Authority, and one will be a retired member of the System elected by the retired members, under the Retirement System's supervision.**  The trustees will be appointed or elected for a term of three years.  The Authority's Executive Director will act as trustee while exercising the position of Executive Director.  Each term of an elected or appointed trustee will be deemed to have expired on the date of the anniversary of the establishment of this System, and any appointment or election, except for those to fill vacancies for unexpired terms, will be carried out on those anniversary dates.   The positions vacant for unexpired terms will be covered in the same manner in which they were originally covered.  [Emphasis ours.]

2.9.    The Executive Order had the direct effect of illegally amending the Retirement System's Bylaws by substituting the Board of Trustees with PREPA's Board of Directors, depriving, also, the individual Trustees from an essential function of their fiduciary duties that consists in sorting out and implementing actuarial evaluations. Article 6 (Administration), Section (3) of the Retirement System's Bylaws provides that:

> (3) The Board of Trustees will adopt from time to time **the mortality tables and services that may be necessary as the basis for actuarial calculations and will establish the percentages of contributions to the System**, as provided in Article 5 of these Bylaws. To advice the Board on the adoption of the tables and on the fixing of the percentages of contributions that are to be made to the Retirement

System, **the Board of Trustees will designate an actuary, who will prepare annual actuarial valuations and who will recommend to the Board the tables and percentages of contributions that he considers should be used by it.**  On the third year after the date of the System's implementation, and after that date at least once every five years, **the Board of Trustees will order an actuarial investigation based on the experience acquired with respect to the mortality, service, and compensation of the members and of the Retirement System's benefits.**  [Emphasis ours.]

2.10.  On the other hand, the only procedure authorized to amend the Retirement System's Bylaws is prescribed in Article 11 (Amendments), which provides:

These Bylaws may be amended in whole or in part **by the Board of Trustees when the latter deems it convenient**, provided that the Board of Trustees notifies the Authority thirty days in advance of its intention to amend the same and it communicates the same to all of the members to give them an opportunity to be heard before the Authority takes any action; PROVIDED, that the Authority may within said thirty days period veto the proposed amendment, in which case the same will not be effective; PROVIDED, further, that no modification or amendment that is made may deprive any active or retired member or other person receiving a pension from any of the benefits to which he would be entitled by reason of the assets accrued accredited to this account under the System on that date, except with his consent. [Emphasis ours.]

2.11.  The Executive Order purports to set aside the provisions on the amendments to the Retirement System's Bylaws illegally interfering with its legal independence which causes imminent and irreparable damages to the Board of Trustees, the Retirement System's assets, its retirees, and the participating employees and, therefore, to the individual Trustees.

2.12.  Pursuant to Puerto Rico law, the assets of the Retirement System do not belong to PREPA and PREPA does not have any legal right to manage its assets. Through a trust, the property of its corpus and assets is irrevocably transmitted to the trustee and the beneficiaries. The property right is divided between the trustees and

- 15 -

the beneficiaries. The trustees hold the property title as to the right to manage the estate and the beneficiaries hold the property right to obtain the benefits of the estate. U.S. Fid. & Guar. Co. v. Guzman, No. CIV. 10-1078 FAB/MEL, 2012 WL 4790314, at *5 (D.P.R. Sept. 20, 2012), report and recommendation adopted sub nom. *United States Fid. & Guar. Co. v. Cobian-Guzman*, No. CV 10-1078 (FAB), 2012 WL 12996294 (D.P.R. Oct. 5, 2012) ("As with Anglo-Saxon trusts, the Puerto Rican trust is 'characterized by an unfolding of the property law,' because '[t]he trustee is the owner of the legal title, whereas the beneficiaries have the equitable ownership.'") (quoting *Dávila v. Agrait*, 116 D.P.R. 549, 16 P.R. Offic. Trans. 674 (1985)). *Accord In re Fin. Oversight & Mgmt. Bd. for Puerto Rico*, 582 B.R. 579, 597 (D.P.R. 2018) ("[A] trust divides ownership of property, placing legal title with trustee while the beneficiary enjoys an equitable interest.").

2.13.  PREPA is not a trustee nor a beneficiary of the Retirement System. Therefore, PREPA has no property right or equitable interest over the assets of the Retirement System.

2.14.  In *Díaz Saldaña v. Acevedo Vilá*, 168 D.P.R. 359, 406-07 (2006), the Supreme Court stated:

> An Executive Order finds legal support in the general authority of the Chief Executive to comply and to enforce the laws, to monitor and supervise the official conduct of all of the officials of the Executive Branch, and to ensure compliance with the duties and obligations of their positions pursuant to the law. All Executive Orders contain a mandate directed at the government organism **of the Executive Branch, pursuant to the Constitution of Puerto Rico and the statutory legal system**. However, the authority of the Governor to issue Executive Order **cannot be exercised or have an effect contrary to what is provided by law**. [Emphasis ours.]

2.15.  Consistent with the foregoing pronouncements, the Puerto Rico Attorney General has consistently opined for decades that the Governor cannot command a public corporation, such as PREPA, nor its Board of Directors, to do anything by way of an executive order. For example, in *P.R. Op. Sec. Just. 2008-7*, 2008 WL 7540530, the Puerto Rico Attorney General noted that "public corporations such as PRASA, PRHTA, and **PREPA** … have a broad fiscal autonomy and their own legal personality, which, unlike the traditional agencies of the Government, allows them to have characteristics typical of private commercial businesses." Exhibit 5; emphasis added. Citing with approval *P.R. Op. Sec. Just. 1985-5*, 1985 WL 1087157, a translation of which is attached hereto as Exhibit 6, the Attorney General reasoned "that since public corporations are created by legislative mandate as independent entities that do not answer to the Governor directly, the Governor cannot use an executive order to order them not to carry out acts or events that are within their authority or corporate powers." *Id*, at p. 4.

2.16.  The Retirement System, as a private trust, has a personality separate or independent from PREPA. Therefore, it does not form part of the Executive Branch and lies outside the scope of jurisdiction of Executive Order OE-2018-012.

2.17.  The Executive Order indicates that it bases its authority on Section 206(a) of Law 5-2017, which "grants the Governor ample powers of receivership to rectify the financial emergency declared by said law. In addition, such section authorizes the Governor to, together with AAFAF, take all necessary measures to correct and rectify

the financial emergency." Law 5-2017, however, does not grant the Governor the authority to amend laws and Bylaws.

2.18. Law 5-2017 did not authorize the Governor to intervene in the duties and authorities of the Retirement System's Board of Trustees that administers a trust and, much less, to Amend its Bylaws or coerce or limit the authorities and duties of the Trustees in their individual capacity.

2.19.  Therefore, there is no doubt that the Executive Order does not have the effect of law, since it was promulgated in the absence of authorization granted by the Constitution of Puerto Rico or by a statute.

2.20.  The Executive Order is an interference with the independence and powers of the Retirement System that illegally amends its Bylaws; limits the essential fiduciary duties of the Board of Trustees and of its members; and it confuses the figure of the trustor with the trustee incurring in a conflict of interests that places at imminent risk the assets of the trust. All of this interferes with the fiduciary duties of the individual members of the Board of Trustees, which damage cannot be effectively quantified and which places at imminent risk the rights and benefits of approximately 12,268 retirees and approximately 6,227 active employees in the Retirement System, which plaintiffs are called upon by law and Bylaws to protect, and who are currently in a generalized state of uneasiness due to the news about the receivership of the Retirement System. Exhibit 7.

2.21.  This irreparable and imminent harm can only be avoided if a preliminary and permanent injunction is entered, since there is no other remedy in law to vindicate plaintiffs' rights.

2.22.  The individual Trustees have the obligation and the legal capacity to defend the Retirement System's trust from any intervention that affects their capacity to make the decisions that are pertinent according to the best interests of the retirees and the active employees.

2.23.  In sum:

a. The Puerto Rico Electric Power Authority Employees' Retirement System is a private trust with full legal personality, and it is an entity separate and independent of the Puerto Rico Electric Power Authority and the Commonwealth of Puerto Rico and its Executive Branch.

b. Executive Order OE-2018-012 does not have any legal effect for having been promulgated in the absence of authorization granted by the Constitution of Puerto Rico.

c. Executive Order OE-2018-012 is null and void since it pretends to meddle into the affairs of a legal entity that is not part of the Executive Branch and that lies outside the scope of the Governor's jurisdiction and authority.

d. Executive Order OE-2018-012 is an interference with the independence and powers of the Retirement System that illegally amends its Bylaws.

e. Executive Order OE-2018-012 limits the essential fiduciary duties of the Board of Trustees.

f. Executive Order OE-2018-012 confuses the figure of the trustor with the trustee incurring in a conflict of interests that places at imminent risk the assets of the trust.

g. Executive Order OE-2018-012 interferes with the fiduciary duties of the members of the Board of Trustees and illegally strips them of the authority and prerogatives to manage the financial affairs of the Retirement System for the sole benefit of the retirees, participants and beneficiaries.

### III. <u>Prayer</u>

WHERFORE, Plaintiffs respectfully request the Honorable Court to grant injunctive relief staying the implementation of Executive Order OE-2018-012, and to enter a Declaratory Judgment decreeing that Executive Order OE-2018-012 is null and void. In addition, Plaintiffs respectfully request that Defendants be taxed with costs and attorneys' fees and that the Court award any further relief in law or in equity as it may deem just and proper.

WE HEREBY CERTIFY: That on this same date we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**[Signatures on the following page]**

In San Juan, Puerto Rico, this 6th day of February, 2019.



472 Ave. Tito Castro
Edificio Marvesa, Suite 106
Ponce, PR 00716-4701
Tel: (787) 848-0666
Fax: (787) 841-1435

*/s/Rolando Emmanuelli Jiménez*
Rolando Emmanuelli Jiménez
USDC: 214105
rolando@bufete-emmanuelli.com

Attorney for Plaintiff Retirement System

*S/GUILLERMO RAMOS LUIÑA*
GUILLERMO RAMOS LUIÑA
USDC-PR 204007
gramlui@yahoo.com

P. O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. (787) 620-0527
Fax (787) 620-0039

*Attorney for Plaintiffs José Ramón Rivera
Rivera, Ralphie Dominicci Rivera, Ángel R.
Figueroa Jaramillo, and Erasto Zayas
López*

*s/Rafael A. Ortiz-Mendoza*
RAFAEL A. ORTIZ MENDOZA
USDC-PR 229103
rafael.ortiz.mendoza@gmail.com

Edificio Banco Cooperativo Plaza
623 Avenida Ponce De León, Suite 501-A
San Juan, Puerto Rico 00917-4805
Tel. (787) 963-0404
Fax (787) 751-2341

*Attorney for Plaintiffs Board of Trustees,
Juan Carlos Adrover, Sammy Ramírez, and
Alvin Román*